KRUEGEL et al. v. NITSCHMAN et al.†

(Court of Civil Appeals of Texas. Dallas. April 13, 1912. Rehearing Denied May 11, 1912.)

1. PLEADING (§ 218*) — DEMURRER — HEARING AND DETERMINATION.

A defendant is not estopped from urging a general demurrer to a petition by his failure to present and have it acted upon during the term at which it was filed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. § 218.*]

2. JUDGMENT (§ 460*)—VACATING—PLEADING —CERTAINTY.

A petition alleging the existence of a "judicial trust in restraint of law and justice" composed of influential persons, lawyers, officers, etc., that a judgment in a former action against plaintiff to establish an easement in his land was obtained by conspiracy between the parties, attorneys, and witnesses, and by false testimony, that subsequent acts in connection with the use of the easement and its dedication as a public street, and civil and criminal proceedings against plaintiff for interfering therewith were done and instituted collusively, fraudulently, and wrongfully, and asking the vacation of the judgment, the extinguishment of the easement, and an award of exemplary damages against the plaintiff in the former action, his attorneys, witnesses, and various other parties, held to be too general to state a cause of action against any of the defendants.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879–891; Dec. Dig. § 460.*]

3. APPEAL AND ERROR (§ 917*)—DISPOSITION —AFFIRMANCE NOTWITHSTANDING EVIDENCE.

A judgment sustaining demurrers to a petition and dismissing the action will not be reversed, even though the demurrer should not have been sustained, where numerous exceptions to the petition were sustained, of which no complaint is made on appeal, since it will be presumed that the court ruled correctly with reference to these exceptions, that, with the matter to which it related stricken out, the petition was insufficient, and hence that the suit was properly dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3706–3709; Dec. Dig. § 917.*]

4. APPEAL AND ERROR (§ 977*) — REVIEW — MATTERS OF DISCRETION.

Where a party suffered no material injury from the action of the trial court in refusing to permit him to read his motion for a new trial, requiring him to state its substance, and limiting his time within which to present his motion, the judgment will not be reversed on

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Application for writ of error denied by Supreme Court June 26, 1912.

this ground; these being matters largely within the discretion of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3706–3709; Dec. Dig. § 977.*]

5. APPEAL AND ERROR (§ 901*) — REVIEW — BURDEN OF SHOWING ERROR.

Where no sufficient reason is given why an assignment of error should be sustained, it will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3670; Dec. Dig. §. 901.*]

Appeal from District Court, Dallas County.

Action by Herman Kruegel and another against Reinhardt Nitschman and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Herman Kruegel, of Dallas, for appellants. Gano, Gano & Gano and Thompson & Word, all of Dallas, for appellees.

TALBOT, J. Appellants Herman Kruegel and Minna Kruegel, husband and wife, brought this suit on the 9th day of April, 1903, against the appellees Reinhardt Nitschman, George Gustave, William Hoehn, E. Grevels, William Koch, and W. B. Gano, M. D. Gano, and R. L. Gano. By amended petitions subsequently filed, the appellees H. W. Jones, Royal A. Ferris, Judge T. F. Nash, and C. L. Flanders and Ida Flanders were made parties defendant. The appellants in their brief state that the cause of action alleged by them is "to set aside, vacate, and cancel a former illegal, voidable, void, and dormant judgment rendered in said court on May 3, 1895, against Herman Kruegel and Minna Kruegel in favor of Reinhardt Nitschman in case No. 12,930, Reinhardt Nitschman v. Herman Kruegel et al., granting to said Nitschman an easement for roadway 15 feet wide particularly described to the northeast (and furtherest) corner of Nitschman's lot over and, through Kruegel's homestead property for public use and travel on grounds of necessity, without due course of law and without giving compensation therefor, obtained by fraud or mistake of the court, and by false swearing of the plaintiffs therein, now the defendants herein, and by false and fictitious statements and allegations in barratrous pleadings, misrepresentation, suppression, and perversion of law and facts of their counsel Gano, Gano & Gano, for profit and gain in utter disregard of and to the Kruegel rights and subsequent consequences, in a manner over which the defendants Kruegel, now the plaintiffs herein, had no control, and were entitled to a judgment in their favor, and to declare the mentioned easement for roadway vacated, extinguished, and forfeited for the willful and malicious, wrongful, and unlawful use, misuse, and abuse of the same, in that the necessity had not existed at the time the easement was granted, and if it had existed, but which

is denied, that it had long since ceased to exist; and also seeks to recover judgment for both actual and exemplary damages for the aforesaid willful malicious use, misuse, and abuse of the same and for damage done to land used for easement and roadway as well to plaintiffs' other lands adjacent to said easement for roadway and not used, all of which lands lie within the limits of the city of Dallas." Looking to the appellants' fourth amended petition, which covers about 52 typewritten pages of the transcript, and upon which the parties announced ready for trial, we find that appellants also sought to recover exemplary damages because of the matters and things set forth in said petition. The defendants, in answer to plaintiffs' petition, pleaded a general demurrer, 38 special demurrers, a general denial, and specially matters which need not be stated. The case was called for trial September 14, 1910, and upon presentation the trial court sustained the defendants' general demurrer and each and all of their special demurrers to plaintiffs' petition, and, plaintiffs declining to amend, the suit was dismissed. From this judgment the plaintiffs appealed.

The petition, among other things, consists, in substance, of the following charges and statements: (1) That "for better explanation and understanding of this case" there has for many years secretly existed in Dallas county a dangerous influential compact, a judicial trust in restraint of law and justice, composed of influential, unscrupulous, avaricious, and barratrous persons, lawyers, officers, etc., "who, for profit and gain, unlawfully and barratrously incite and encourage unjust, fictitious, and fraudulent litigation, and who for profit and gain, by deception, partiality, favoritism, nonfeasance, misfeasance, and malfeasance of office and perversion of law and fact, * * * take away from and appropriate to themselves the property of their selected victims and adversaries"; (2) a statement of the official position and qualification of Judge T. F. Nash, district judge, and H. W. Jones, district clerk, of the sale of lots by appellants to appellee Nitschman and to Anton Berkline, and substantially, as we understand it, of what purports to be the allegations covering the issues in the original suit of Reinhardt Nitschman v. Herman Kruegel, No. 12,930, in which suit the judgment here sought to be set aside was obtained; (3) a statement of a number of propositions which appellants claim to be legal reasons why the judgment in said suit of Nitschman v. Kruegel et al. was null and void, and should not have been rendered in the district court, and why said judgment should not have been sustained by the Court of Civil Appeals, alleging that defendants Nitschman, Koch, and Gano conspired with each other to bring the suit of Nitschman v. Kruegel to establish an ease-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ment in Kruegel's lands with the view of enhancing the value of their own property, and that "Nitschman, Grevels, Koch, and others on the trial of the Nitschman Case falsely testified to support and prove the false allegations alleged and set out in said petition, which could not have been anticipated by the plaintiffs herein, who were the defendants therein"; (4) a statement to the effect that after said judgment in the Nitschman-Kruegel Case had become dormant, and after the necessity for an easement in appellant's lands and roadway over said lands had ceased to exist, the said Nitschman and his counsel, appellees Gano, Gano & Gano, by collusion with each other and with fraudulent intent to enhance the market value of their property, and to harass and injure appellants, applied to the appellee Jones for a writ of possession, which was issued and executed to appellants' damage; (5) a statement, showing the manner in which the sheriff of Dallas county opened the road described in the judgment sought to be vacated, charging, among other things, that he moved and injured appellant's house, and put appellant Herman Kruegel in jail because of opposition and threats made by said Kruegel at the time, and that for interfering with the officers in their efforts to execute the writ of possession he was arrested and tried, etc.; (6) a statement to the effect that Nitschman in June, 1898, when neither he nor the public had attempted to enter upon or make use of the strip of land set apart as a roadway, by and through his counsel, Gano, Gano & Gano, made application to and obtained from W. J. J. Smith, judge of the district court of Dallas county, a writ of injunction restraining the said Herman Kruegel from interfering with or obstructing said roadway, and that said injunction was willfully, erroneously, and wrongfully perpetrated; (7) a statement that appellant Kruegel had been in the meantime unjustly, wrongfully, maliciously, and unlawfully tried, convicted, and fined in the county court on the aforesaid charge of unlawfully interfering with an officer in the execution of said writ of possession, when as a matter of fact he had not interfered with any officer in the discharge of his duties, but merely warned him that he would interfere if he violated or overstepped his duty; (8) a statement setting out the application by W. Koch and Reinhardt Nitschman to the mayor and city council of Dallas, wherein they stated they were willing to donate and deed to the city of Dallas said roadway to be used as a public alley, provided the city was willing to have same graded and leveled, the acceptance thereof by said city; that thereafter Nitschman, Hoehn, and Koch without Kruegel's knowledge or consent, and without any legal right or authority and upon advice of their lawyers, willfully and wrongfully tore down and made a gap in said Kruegel's north partition fence and trespassed upon his homestead property by plowing up the soil on said strip of land pretended to have been donated to the city, removing and selling the same and the Bermuda sod thereon, which made it necessary for Kruegel to drive them from his premises with a gun; that thereupon Nitschman and Koch reported to their legal advisers, Gano, Gano & Gano, and they prepared a motion and caused the said Kruegel to be cited to appear in the district court of Dallas county before Judge J. J. Eckford to show cause why he should not be adjudged guilty of contempt of court for violating the writ of injunction theretofore issued by said court; (9) a statement, in substance, that because the appellant Kruegel had placed a 4x4 post in the roadway in question, and interfering with Nitschman's passage from his lot to the street in a wagon over and upon said roadway, the said Kruegel was adjudged by T. F. Nash, judge of the district court of the Fourteenth judicial district, guilty of contempt of court for violating said injunction, and committed to jail for three days, or until he purged himself of such contempt by removing said obstruction; (10) a statement to the effect that in the month of September, 1904, appellant Kruegel nailed a board 12x17 inches, lettered "Keep out," on a post near a hydrant that had been on Kruegel's premises since 1900, and entirely outside of the land described in the judgment for a roadway and entirely outside of the excavation made for an approach to said roadway, which did not interfere with the travel thereon; that said Kruegel had since the said excavation was made tried to keep laid a 2x4 scantling 14 or 16 feet long reaching from bank to bank across said excavation, serving as a bar or gate, which was often removed but never replaced; that in the month of October, 1904, the said Nitschman maliciously trespassed upon the said Kruegel's premises, not to go over said roadway, but to disfigure and destroy said notice, "Keep out," that Kruegel caught him in the act, and that when Nitschman saw him, Kruegel, approach with a pistol, he ran into the street and off as fast as he could to his lawyers and courthouse, and has never since put a foot on his, Kruegel's premises, that for this conduct appellant Kruegel was prosecuted for an aggravated assault, and that two months thereafter appellees Gano, under the pretense of counsel for Nitschman, while the aforesaid prosecution was pending, in furtherance of a collusion and conspiracy, without probable cause, unlawfully and maliciously prepared a motion against Kruegel, charging him with contempt of court, in that he had violated the injunction granted against him in posting the said notice to "Keep out," and in placing the scantling across the excavation, etc., which upon a hearing resulted in his conviction and punish-

147 S.W.—21

ment; that appellant Kruegel applied to Judge E. B. Muse for the writ of habeas corpus which was by him refused, but that, after 17 days confinement in the county jail, said application was presented to the Court of Criminal Appeals, then sitting at Tyler, and by that court granted and Kruegel released; (11) a statement, in substance, that Nitschman, Hoehn, and those purchasing from them have rented the lots involved in the original suit to negro tenants, who have harassed Kruegel, and whose residence in the neighborhood is a continual menace to said Kruegel; (12) that "by reason of the aforesaid matters, injuries, and damages complained of, which were each and all more or less willfully, recklessly, avariciously, barratrously, maliciously, corruptly, wrongfully, and unlawfully designed and consequented by all of said defendants, except defendant Royal A. Ferris, a surety, in a greedy and malicious spirit without good or legal cause by concerted action and previous private understanding, as aforesaid, said defendants have made themselves liable to the law and to the public, and especially to these plaintiffs, who have been directly injured thereby." The prayer of the petition is that appellants have and recover judgment against the appellee Nitschman and his grantees, setting aside and canceling the judgment rendered in the district court of the Fourteenth judicial district on May 3, 1895, in the case of Reinhardt Nitschman v. Herman Kruegel et al., No. 12,930, and that the easement granted therein be declared null and void, forfeited, and extinguished; that plaintiffs have judgment against all of the defendants, both jointly and severally, in the sum of $40,000 actual damages, and rents at $10 per month from October, 1904, except defendant Ferris, against whom judgment is asked in the sum of $5,000, the amount of the bond signed by him as surety, and defendant Flanders, against whom judgment is prayed in no greater sum than $5,000 and for rents at $10 a month from May, 1906. Plaintiffs also pray for judgment against all of the defendants, except Ferris, both jointly and severally for exemplary damages in the sum of $10,000.

Appellants filed 44 assignments of error, but they abandoned 34 of them, stating in their brief their reasons therefor. The assignments presented and urged in this court are Nos. 1, 2, 3, 4, 6, 11, 17, 42, 43, and 44. The first of these assignments complain that the court erred in sustaining defendants' general demurrer to plaintiffs' petition, and assignments 2, 3, 4, 6, 11, and 17 complain, respectively, of the court's action in sustaining defendants' special demurrers Nos. 1, 2, 3, 5, 10, and 16. The first of these special demurrers, as stated in appellants' brief, was to the effect "that allegations set out in plaintiffs' petition show that the 15-foot alleyway

described therein was adjudged to Reinhardt Nitschman over the property of plaintiffs Kruegel." The second is that "defendants except to all those allegations in plaintiffs' petition, that defendants have unlawfully conspired with one another and maliciously sought to destroy and wreck plaintiffs' property, because said allegations are too general, and there are no acts stated in said petition showing or tending to show any conspiracy." The third is that defendants "except to that portion of plaintiffs' petition which alleges that there is a combination of practicing lawyers and officials, etc., organized in Dallas county for the purpose of defrauding persons out of their just rights as set out in page 1 of plaintiffs' petition, because the same is too general and indefinite to form any basis for a cause of action at law, and, further, the same has no bearing whatever upon the cause of action attempted to be set out by plaintiffs." The fifth is that defendants "except to that portion of plaintiffs' petition which attempts to set up what improvements they placed upon their property during the year of 1887, and also that portion of the petition which sets out the land sold by them in 1883 to a certain Mrs. Meiers, because the same is immaterial and irrelevant so far as any cause of action against these defendants is concerned." The tenth is that the defendants "excepted to plaintiffs' petition, because the same is merely a restatement of facts set out in a petition in an original suit between Nitschman and Kruegel, and has no bearing whatever as to the facts that were proven upon the trial of the case 12,930. It being immaterial what a man may have sued for, as set out by the allegations of a petition, when the court having heard all of the evidence renders its judgment; that the plaintiffs here are merely attempting to attack a valid judgment of the court, because they claim that the plaintiff (Nitschman) made certain statements in his petition. The sixteenth is, that Gano, Gano & Gano "except to plaintiffs' petition, because the allegations in said entire petition nowhere show any cause of action against these defendants further than the mere allegation that a conspiracy existed between them and the other defendants to injure the plaintiffs, but a careful reading of the entire petition shows upon its face that this allegation is made merely because said defendants Gano, Gano & Gano were the attorneys for Nitschman and Hoehn in certain litigations in which plaintiffs were defeated. There are no allegations of any facts or circumstances or conditions to show fraud, collusion, or malicious intentions in any way upon the part of these defendants to injure the plaintiffs. The allegations of the plaintiffs' petition show that all said defendants did in connection with said suit was to represent said Nitschman and Hoehn in the court."

The foregoing assignments complaining of

the court's ruling upon the several demurrers mentioned are each accompanied with propositions, but we deem it unnecessary to discuss them in detail.

[1, 2] It is sufficient to say that defendants were not precluded or estopped by their failure to present and have the same acted upon during the term of the court at which it was filed from urging their general demurrer, as is contended by appellants, and that, after a careful consideration of each of said assignments and propositions thereunder, we have reached the conclusion that the allegations of plaintiffs' petition are entirely too general to show a cause of action against either of the defendants, and that, therefore, neither of said assignments should be sustained on this appeal.

[3] But, if we are mistaken in the view that the court did not err in sustaining either of the defendants' demurrers above referred to, still we are of opinion that in the state of the record before us we would not be authorized to reverse the case. As stated, appellants have abandoned 34 of their 44 assignments of error. These assignments necessarily relate to and complain of the action of the trial court in sustaining exceptions urged by defendants to plaintiffs' petition, either in whole or in part, and, having been abandoned, the particular action of which they respectively complain cannot be reviewed by this court. This being true, it is elementary that every presumption must be indulged in favor of the correctness of the trial court's rulings upon the special demurrers of which no complaint is made in this court by proper assignments of error copied in appellants' brief; that plaintiffs' petition, after the matters to which said special exceptions related were stricken out, was insufficient to show any cause of action against either of the defendants upon which a recovery could be had; and, appellants having declined to amend their petition to meet such rulings, that the suit was properly dismissed.

[4] The forty-second and forty-third assignments will also be overruled. The action of the trial court in not permitting the plaintiffs to read to the court their motion for a new trial, but requiring them to state the substance thereof, and in limiting plaintiffs to ten minutes time within which to present said motion, were matters largely within the discretion of the court; and besides, if we are correct, in the view we take of the case, as heretofore expressed, appellants have suffered no material injury by reason of the court's action in these respects.

[5] The forty-fourth assignment is that "the court erred in overruling plaintiffs' motion for a new trial." No sufficient reason is given why this assignment should be sustained, and it will be overruled.

The judgment of the court below. is affirmed.